Fitzgerald & Associates, P.C.
    By: Nicholas Fitzgerald Esq. -- NF/6129
649 Newark Avenue
Jersey City, NJ 07306-2303
Email: nickfitz.law@gmail.com
Phone: (201) 533-1100
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
-------------------------------X
                                        **Chapter 13**
In re:

      Sean Lewis                    Case No. 22-16619-VFP

                                    Hearing Date: 10/6/22 @ 10:00 am.
      Debtor

-------------------------------X

**<u>ATTORNEY'S RESPONSE TO MORTGAGEE'S OBJECTION TO PROPOSED SALE OF
REAL PROPERTY LOCATED AT 110 MALLORY AVENUE, APT. 7, JERSEY CITY,
NJ 07304</u>**

    I, Nicholas Fitzgerald, the above named debtor's counsel,
hereby certifies as follows:

    1.    I make this certification in response to the
mortgagee's, Real Time Resolution, Inc's objection to the debtor's
motion to sell real property located at 110 Mallory Avenue, Apt.
7, Jersey City, NJ 07304 for a sale price of $110,000.

    2.  As will be explained below, this objection to the sale
appears to be unfounded.

    3.  All liens against the property are to be paid in full
at closing including the objecting creditor's mortgage lien.  In
this particular case, there would be no way to convey clear title
other than to pay off all secured debt against the real property
located at 110 Mallory Avenue, Apt. 7, Jersey City, NJ 07304.

    4.  The objector's own numbers which I think overstate the
amount owed in fees and on the mortgages, which are detailed in

paragraph 11 of the objection, assert that $95,032.30 is needed to pay off all necessary parties at the closing. Since the property is being sold for $110,000, there is **clearly** enough money to pay all claims with a surplus to be paid to the Chapter 13 trustee. Accordingly, the objection on that ground is unfounded.

5. In the highly unlikely even that the gross sale price of $110,000 is insufficient to pay all necessary claims at closing, the closing would have to called off because clear title of the property could not then be transferred. Accordingly, this creditor's objection to the sale is unfounded: either this creditor gets paid in full at the closing or the closing will be called off.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 20, 2022

_____
Nicholas Fitzgerald
Debtor's Counsel

**Exhibit A --  Copy of Mortgagee's Objection to Sale**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Steven Kelly, ESQ.
COUNSEL FOR MOVANT
skelly@sterneisenberg.com
Stern & Eisenberg, PC
1040 N. Kings Highway
Suite 407
Cherry Hill, NJ 08034
Telephone: (609) 397-9200
Facsimile: (856) 667-1456

| | |
|---|---|
| In Re: | Case No.: 22-16619-VFP |
| Sean Lewis | Chapter: 13 |
| Debtor(s) | Judge: Vincent F. Papalia |
| | Hearing Date: October 6, 2022 at 10:00 a.m. |

**OBJECTION OF REAL TIME RESOLUTION, INC., AS AGENT FOR BANK OF AMERICA, N.A. TO DEBTOR SEAN LEWIS' MOTION FOR APPROVAL OF THE DEBTOR'S PROPOSED SALE OF REAL PROPERTY LOCATED AT 111 MALLORY AVENUE, APT. 7 A, JERSEY CITY, NJ 07304 FOR A SALE PRICE OF $110,000.00**

I, Steven P. Kelly, Esquire, do hereby certify as follows:

1.  I am the attorney for Real Time Resolutions, Inc., as agent for Bank of America N.A. (hereinafter referred to as the "Secured Creditor") with regard to the above-captioned Chapter 13 Bankruptcy Proceeding and make this Objection in opposition to Debtor Sean Lewis' Motion for Approval of the Debtor's Proposed Sale of Real Property located at 111 Mallory Avenue, Apt. 7 A, Jersey City, NJ 07304 (hereinafter referred to as the "Motion").

2.  On or about September 19, 2006, Sean Lewis (hereinafter referred to as the "Debtor") executed and delivered to American Home Mortgage a Secondary Promissory Note (Balloon Note) in the original principal amount of $22,800.00, to secure and with regard to the real property located at 111 Mallory Avenue, Unit 7, Jersey City, NJ 07305 (hereinafter referred to as the "Property").

3.  To secure payment of the Note, and according to the terms and conditions thereof, the Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage, a certain real estate mortgage in the principal sum of $22,800.00. The Mortgage was duly perfected by recording a copy of the Mortgage with the County Recording Office of Hudson County, New Jersey in Book 15071, Page 00325, as Instrument Number 000062314 on or about

January 2, 2006.

    4.  Secured Creditor is the current holder of the Note and Mortgage on the Property.

    5.  On or about August 22, 2022 (hereinafter referred to as the "Petition Date"), Debtor caused to be filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which was assigned case number 22-16619-VFP.

    6.  Contemporaneously, Debtor caused to be filed a Chapter 13 Plan, which does not provide for treatment to the Secured Creditor as to its secondary mortgage lien. See, Docket Entry No. 3.

    7.  Additionally, on August 31, 2022, Debtor caused to be filed the present Motion seeking an Order from this Honorable Court approving the Sale of the Property for a Sale Price of $110,000.00. See, Docket Entry No. 12.

    8.  Debtor's Motion makes reference to a Mortgage held by a superior lien that Debtor estimates is owed $73,000.00. As of the date of this Objection, the first mortgage has not filed its Proof of Claim; however, in Debtor's 2019 Case, the total due on the first mortgage as of the filing of the 2019 case was $68,022.76. Secured Creditor avers that Debtor may be undervaluing the amount due to the first mortgage as reflected in the Motion.

    9.  On or about August 7, 2022, Secured Creditor caused to be filed its Proof of Claim (hereinafter referred to as the "Claim"), which evidences a second mortgage lien on the Property as of the Petition Date in the amount of $13,782.30. The Claim was filed as a Total Debt Claim as the Mortgage and Note previously matured and/or will mature during the pendency of the present action. See, Claims Register 3-1.

    10. Secured Creditor avers that there is, at present, insufficient evidence as to whether the Sale of the Property will suffice to pay in full its Claim at the time of closing.

    11. Based upon the information presented, the following amounts would need to be paid from the Sale Price of $110,000.00:

| | | |
|---|---|---|
| a. | Buyers' Agent – 5% of Sale Price -- | $5,500.00; See, Docket Entry No. 17-1. |
| b. | Seller's Agent – 2.5% of Sale Price -- page 12 of 15. | $2,750.00; See, Docket Entry No. 12-3, |
| c. | First Mortgage – Debtor Estimation -- page 2 of 2. | $73,000.00; See, Docket Entry No. 12-2, |
| d. | Secured Creditor's Second Mortgage -- | $13,782.30; See, Claims Register 3-1 |
| e. | **TOTAL:** | **$95,032.30** |

    12. Secured Creditor objects to the Motion until such time as the First Mortgagee has filed its Proof of Claim to verify the amounts due and owing on that lien, which would give Secured Creditor a better understanding of whether its Claim will be paid in full at the time of Closing on the Property.

    13. Secured Creditor further objects to the Motion on the basis that the Motion and the Proposed Order make no reference to Secured Creditor's Claim or that Secured Creditor's Claim will be paid in full from the proceeds of the Sale and that Secured Creditor will retain its lien on the Property until such time as its Claim is paid in full by the Debtor.

14. Based on the foregoing reasons, Secured Creditor avers that the Motion should be denied without prejudice and/or in the alternative that the Proposed Order be amended to reflect that Secured Creditor shall be paid in full from the proceeds of the Sale of the Property and that Secured Creditor shall retain its lien on the Property until such time as its Claim is paid in full.

**WHEREAS**, Secured Creditor Real Time Resolutions, Inc., as agent for Bank of America N.A. respectfully requests that this Honorable Court deny without prejudice the Motion filed by the Debtor.

Respectfully submitted,

/s/ Steven P. Kelly
Steven P. Kelly, Esquire
Stern & Eisenberg, P.C.
1040 N. Kings Highway
Suite 407
Cherry Hill, NJ 08034
Telephone:    215-572-8111
Attorney for Secured Creditor, Real Time
Resolutions, Inc., as agent for Bank of America N.A.

Dated:  September 8, 2022.

